LABOR
When an employment agency procures employment for a client and extends the individual credit for the payment of the fee, the employment agency may not charge interest on the credit so extended; (2) Under the provisions of 40 O.S. 53 [40-53](b) (1976), which requires in the case of corporate applicants, that at least one of the incorporators and one of the principal officers thereof, together with the person who is to be responsible for the general management of the office, meet the requirements as to residence and experience, it is possible for one individual to meet all the requirements of the statute; (3) Under the provisions of 40 O.S. 53 [40-53](i) (1976), the same person is not prohibited from being the general manager of a number of separate employment agency offices. The Attorney General has considered your request for an opinion wherein you ask, in effect, the following questions: 1. Under the provisions of 40 O.S. 54 [40-54] (1971), (as last amended by O.S.L. 1977, Chapter 11, Section 1) when a employment agency obtains employment for an individual and the individual is unable to pay the fee at the time the employment is obtained, and the employment agency extends credit to the individual for the payment of the fee, may the agency charge the individual interest on the credit so extended? 2. Under the provisions of 40 O.S. 53 [40-53](b) (1971), (as last amended by O.S.L. 1976, Chapter 62, Section 1), is it possible for one person to fulfill all the requirements of the statute insofar as corporate applicants are concerned? 3. Under the provisions of 40 O.S. 53 [40-53](i) (1971) (as last amended by O.S.L. 1976, Chapter 62, Section 1), can the same person be charged with the general management of a number of different employment agency offices? Title 40 O.S. 54 [40-54] (1971) (as last amended by O.S.L. 1977, Chapter 11, Section 1) provides in paragraph (b) in part, as follows: ". . . No finance company or other purchaser of employment contracts shall be considered a holder in due course of such paper until after the temporary employment period shall have run and permanent employment shall have been established, and in no event shall the applicant for employment be liable for any charge to a finance company in addition to the legal placement fee as hereinabove set forth." In addition to the above quoted statute, there are four other provisions of the statutes relevant to the inquiry under consideration. 40 O.S. 55 [40-55](a) (1976) provides in part, as follows: "All contracts or agreements shall clearly state the fee and in no case shall the employment agency collect more than the stated fee or agreed percentage of the first year's total income." Title 40 O.S. 55 [40-55](i) (1976) provides as follows: "Other than the prescribed placement fee, no employment agency shall require either the employee or employer to contribute to the cost of its employment-related services, advertising, or incidental expenses." Title 40 O.S. 52 [40-52](e) (1976) provides as follows: " 'Fees' shall mean anything of value, including any money or other valuable consideration exacted, charged, collected or received directly or indirectly, or paid or promised to be paid for any services or act described or enumerated in Subsection (g) of this Section." Title 40 O.S. 52 [40-52](g) (1976), mentioned in the preceding section, defines the term "private employment agency." In answer to your first question, it is apparent from reading the provisions of the statutes quoted above that it was the intent of the Legislature in enacting these statutes to limit the compensation paid by an individual to an employment agency to an amount not greater than the statutorily established placement fee. This is especially apparent from a reading of 40 O.S. 52 [40-52](e) which includes in the definition of the word "fee" anything received "directly or indirectly" by an employment agency for its services. 40 O.S. 55 [40-55](a) specifically limits the amount to be collected by the employment agency to an amount not more than the fee, with this fee being set by statute. Thus, an employment agency may not charge interest on credit it extends to its clients for procuring employment for the client. This opinion is in accordance with Attorney General's Opinion No. 76-189, previously issued from this office, which limits charges by finance companies to an amount not greater than the statutorily established placement fee. Title 40 O.S. 53 [40-53](b) (1976) provides as follows: "(b) Every applicant for a license shall have been a resident of the State of Oklahoma for at least one (1) year immediately preceding the filing of such application, and shall have had at least one (1) year of experience as a placement counsellor in a licensed employment agency either within or without the state. In the case of corporation applicants, at least one of the incorporators and one of the principal officers thereof, together with the person who is to be responsible for the general management of the office shall meet the above requirements as to Oklahoma residence and experience." As will be noted, the statute sets certain minimum requirements to obtain an employment agency license, and further sets out three categories to be considered in the case of corporate applicants. The requirements in each of these categories are the same. The purpose of this statute is to provide minimum qualifications for individuals involved in the operation of an employment agency and the emphasis of the statute is on these qualifications. The different number of individuals used to meet the provisions of the statute insofar as corporate applicants are concerned is not material to the intent or purpose of the statute. Thus, in answer to your second question, one person may fulfill all the requirements set forth in 40 O.S. 53 [40-53](b) (1976) for a corporate applicant for an employment agency license. Title 40 O.S. 53 [40-53](i) (1976) provides as follows: "There shall appear on the license the name of the licensee, the location of the office where the employment agency is to be conducted, the name of the person who is to be charged with the general management and the precise name under which the employment agency is to be carried on. In the event of a change in location, the Administrator shall be notified of same within ten (10) days and the license shall be endorsed to show the correct address. Each license shall be numbered and dated and posted in a conspicuous place in the office of the employment agency." In addition to the above quoted statute, 40 O.S. 53 [40-53](c) (1976) is applicable in part to this inquiry: "Every applicant for a license shall file with the Administrator a written application stating the name and address of the applicant; the street and number of the building in which the employment agency is to be conducted; the name of the person who is to be responsible for the general management of the office; the names and addresses of all those financially interested therein; the name under which the business is to be conducted; whether or not the applicant is precunilarly interested in any other business or businesses, and if so, the nature of the same and where carried on . . ." Each of these statutes set out certain requirements for the listing of information relative to the person to be charged with the general management of the employment agency office, and except for the provisions of 40 O.S. 53 [40-53](b) previously set out, there are no requirements to be met for an individual to be a manager. Since the statutes in question are silent on the qualifications of a manager and the necessity of a separate manager for each employment agency office, there exists no reason why one individual cannot be the manager at more than one office of an employment agency. It is, therefore, the opinion of the Attorney General that your questions be answered as follows: (1) When an employment agency procures employment for a client and extends the individual credit for the payment of the fee, the employment agency may not charge interest on the credit so extended; (2) Under the provisions of 40 O.S. 53 [40-53](b) (1976), which requires in the case of corporate applicants, that at least one of the incorporators and one of the principal officers thereof, together with the person who is to be responsible for the general management of the office, meet the requirements as to residence and experience, it is possible for one individual to meet all the requirements of the statute; (3) Under the provisions of 40 O.S. 53 [40-53](i) (1976), the same person is not prohibited from being the general manager of a number of separate employment agency offices. (JAMES C. PECK)